# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LESLIE E. THOMAS,** | : | |
| Petitioner | : | CIVIL ACTION NO. 4:17-505 |
| v. | : | (JUDGE MANNION) |
| **UNION COUNTY COURT,** | : | |
| Respondent | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Susan E. Schwab, which recommends that the respondent's motion to dismiss be granted. (Doc. 43). No objections have been filed to Judge Schwab's report. Upon review, the court will adopt the report and recommendation of Judge Schwab in its entirety.

When no objection is made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C.

§636(b)(1); Local Rule 72.31.

On March 23, 2017, the petitioner filed the instant action as a petition for a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. §1651, in which he asks the court to vacate and expunge his 1995 convictions for indecent assault, corruption of a minor, and endangering the welfare of a child. (Doc. 1). An amended petition was filed on April 11, 2017. (Doc. 4). The respondent has filed a motion to dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(6) for lack of subject matter jurisdiction. (Doc. 14).

In order to be eligible for a writ of error *coram nobis* following completion of a criminal sentence, a petitioner must have been released from custody, must ask for relief in the court that convicted him, and must demonstrate both exceptional circumstances and continuing collateral disadvantages which justify review. (Doc. 43, p. 5) (citations omitted). In this case, Judge Schwab determined that the plaintiff has not met a key prerequisite for *coram nobis*, in that he has not petitioned for relief in the court that originally convicted him. Judge Schwab therefore concludes that this court lacks subject matter jurisdiction over the petition. This court finds no clear error of record and agrees with the sound reasoning that led Judge Schwab to her conclusions and will, therefore, adopt Judge Schwab's report in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT:**

**(1)** The report and recommendation of Judge Schwab, **(Doc. 43)**, is **ADOPTED IN ITS ENTIRETY**.

**(2)** The respondent's motion to dismiss the instant petition, **(Doc. 14)**, is **GRANTED**.

**(3)** The amended petition for writ of error *coram nobis*, **(Doc. 4)**, is **DISMISSED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 9, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-505-01.wpd